UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SNYDER,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No. 15-cv-03049-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 46 |
| PAMELA SNYDER,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No. 15-cv-04228-EDL<br><br>Re: Dkt. No. 51 |

**INTRODUCTION**

Now pending before the Court is the motion of Plaintiff Pamela Snyder ("Plaintiff") to consolidate actions pursuant to Federal Rule of Civil Procedure 42. (Dkt. No. 46.[1]) Plaintiff has two civil actions pending in this District, each involving a different property she owns. One action is against Defendant Nationstar Mortgage LLC ("Nationstar"), the other against both Nationstar and Defendant Bank of America, N.A. ("Bank of America"). After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's Motion. Plaintiff has not established that there are any common questions of fact or law that justify consolidating her two cases. Additionally,

---

[1] Unless otherwise noted, record citations are to material in the Electronic Case File ("ECF") for this case (Case No. 15-cv-03049-JSC); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

consolidation would likely cause jury confusion and prejudice to Nationstar, would not promote judicial economy, and would result in undue delay to this suit.

## BACKGROUND

Plaintiff's first action was filed on June 30, 2015 and involves a residential mortgage loan for Plaintiff's real property located at 2548-2550 Sutter Street, San Francisco, California 94115 (Case No. 3:15-cv-03049-JSC) ("Sutter Street Suit"). The Court discussed the factual background of this case in a previous order and incorporates that discussion here. (*See* Dkt. No. 30 at 1-4.) Plaintiff filed the operative Second Amended Complaint ("Sutter Street SAC") on November 29, 2015, alleging violations of (1) California Civil Code § 2954; (2) the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b); (3) California Civil Code §§ 1788.11(d) and (e); and (4) the Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200-17210. (Dkt. No. 33 at 1.) The parties engaged in written discovery and attended mediation in April 2016. (Dkt. No. 39; *see also* Dkt. No. 47 at 15.) Trial is scheduled to commence on January 17, 2017. (Dkt. No. 39 at 2.)

The second action, pending before Magistrate Judge Laporte, was filed on September 17, 2015 and involves a loan modification for Plaintiff's real property located at 811 Page Street, San Francisco, California 91117 (Case No. 3:15-cv-04228-EDL) ("Page Street Suit"). Plaintiff asserts claims against two defendants: Nationstar and Bank of America. Judge Laporte previously discussed the factual background of that case in a previous order granting a motion to dismiss; the Court incorporates Judge Laporte's discussion here. (*See* Page Street Suit, Dkt. No. 46 at 2-4.) Plaintiff filed the operative Third Amended Complaint ("Page Street TAC") on March 15, 2016, alleging causes of action for: (1) fraud against Bank of America; (2) and (5) negligent misrepresentation against Bank of America; (3) and (4) violation of California Civil Code § 2923.7 against Bank of America; (6) violation of California Civil Code § 2924.11 against Nationstar; and (7) violation of 15 U.S.C. § 1692e, the Fair Debt Collection Practices Act, against Nationstar. (Page Street Suit, Dkt. No. 47 at 1, 15-29.) In the Page Street Suit, the parties have not begun discovery, as the parties had previously engaged in three separate rounds of briefing to dismiss Plaintiff's various complaints. (Page Street Suit, Dkt. Nos. 8, 19, 31.) The parties are

scheduled to have a case management conference with Judge Laporte on July 6, 2016. (Page Street Suit, Dkt. No. 50.) There is no trial date.

On May 23, 2016, Plaintiff filed a motion to consolidate her two pending actions pursuant to Federal Rule of Civil Procedure 42. (Dkt. No. 46.) Nationstar filed an opposition to the motion, while Bank of America did not. (Dkt. Nos. 47, 53.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation of cases. Rule 42(a) provides, in relevant part, that if "actions before the court involve a common question of law or fact" then "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Under Rule 42, "[t]he district court has broad discretion [] to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether consolidation is appropriate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Even if a common question exists, consolidation is not appropriate where it results in "inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(b)). The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation. *Wright v. United States*, No. C 92-1290 BAC, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993).

## DISCUSSION

Consolidation is not warranted. As discussed below, Plaintiff has not established that there are any common questions of fact or law that justify consolidating her two cases; this alone justifies denying her motion to consolidate. Moreover, each of the other factors that courts typically consider—jury confusion and prejudice, judicial economy, and undue delay—weighs against consolidation as well.

3

## I. Common Questions of Fact or Law

There is no dispute that Plaintiff's two actions do not contain common questions of law, as both actions allege different statutory violations requiring different statutory analyses. (*Compare* Sutter Street SAC at 1, *with* Page Street TAC at 1.) Plaintiff concedes this point, arguing only that the two actions contain purported common questions of fact. (Dkt. No. 46 at 8; Dkt. No. 52 at 3.)

Plaintiff argues that common questions of fact exist with respect to the alleged damage to her credit score as a result of Defendants' reporting of her credit in both cases. (Dkt. No. 46 at 7; Dkt. No. 52 at 2.) Nationstar, on the other hand, argues that the actions are too different to warrant consolidation. (Dkt. No. 47 at 11-12.) According to Nationstar, the differences include that: (1) Plaintiff's two actions involve "different and separate loans that were obtained in separate months and which are secured by two different pieces of property" (*id.* at 11 (emphasis in original)); (2) the initial service providers for each loan were different, with Aurora serving as the initial service provider for the Page Street property and Bank of America serving as the initial service provider for the Sutter Street property (*id.*); and (3) the Sutter Street Suit pertains to the creation of an escrow account whereas the Page Street suit relates to a loan modification and appeal (*id.* at 8-9).

The Court finds that Plaintiff's two suits do not contain sufficient common questions of fact. Indeed, were Plaintiff's argument accepted, *any and all* cases that allegedly damaged her credit score—regardless of the nature of those cases—could be properly consolidated. This is not the law. Accordingly, because Plaintiff has not met this threshold requirement, Plaintiff's motion to consolidate must be denied.

## II. Jury Confusion and Prejudice

The Court also finds that factual distinctions between the two cases, along with the addition of Bank of America as a defendant in the Page Street Suit, will cause jury confusion and that this confusion outweighs any potential benefits consolidation would achieve. Consolidation will require the jury to weave back and forth between the two actions, each involving a different loan with different key players, different factual scenarios and supporting evidence, and different statutory violations. Under these circumstances, the risk of jury confusion and prejudice to Defendants weighs against consolidation of Plaintiff's two actions. *See, e.g.*, *Applied Materials,*

*Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 93-20843(RMW), 1994 WL 16780779, at *2 (N.D. Cal. Apr. 19, 1994) (finding that requiring the jury to understand different technologies would increase the likelihood of confusion, lengthen the trial, and invite juror boredom, and thus the "likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation"); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (finding likelihood of jury confusion where two actions "[did] not state the same causes of action" and "[t]he facts necessary to prove the claims in the respective actions are not in common").

### III.  Judicial Economy

Plaintiff argues that "consolidation would promote judicial economy because the court could combine the issues for trial and thereby avoid the necessity for two trials on substantially similar issues." (Dkt. No. 46-3 at 10.) However, the legal causes of action and the factual scenarios in the two actions are completely different and therefore there is no overlap of issues to be tried. Thus, consolidation would not promote judicial economy. *See, e.g.*, *Sw. Marine, Inc.*, 720 F. Supp. at 807 (finding that, where there were no common issues of fact or law, pursuing the claims in two separate actions "will not involve a substantial duplication of effort"). This factor weighs against consolidation.

### IV.  Unnecessary Delay

A court may deny consolidation where two cases are at different stages of preparedness for trial. *See, e.g.*, *Collins v. City & Cty. of San Francisco*, No. 13-CV-03456-MEJ, 2014 WL 5422177, at *3 (N.D. Cal. Oct. 24, 2014). The two actions here are at completely different stages of litigation. (Dkt. No. 47 at 15; Dkt. No. 52 at 4-5.) In the Sutter Street Suit, the parties have completed written discovery, participated in mediation, and Nationstar is prepared to move forward with depositions and to seek summary judgment. (Dkt. No. 47 at 15.) Moreover, the Court has already set a trial date for January 17, 2017. (*Id.*) In contrast, in the Page Street Suit, the parties—having engaged in three rounds of briefing to dismiss Plaintiff's various complaints—have not begun any discovery and are scheduled to hold a second case management conference with Judge Laporte on July 6, 2016. (Dkt. No. 50.) No trial date has been set.

Plaintiff nonetheless argues that consolidation would benefit Nationstar by allowing it to litigate both cases in a single trial. But Nationstar apparently does not believe it is much of a benefit because it opposes consolidation; thus, this is not a sufficient reason for consolidation, especially given the different causes of action, different factual scenarios, and different witnesses. The resultant undue delay to the trial schedule in the Sutter Street Suit weighs against consolidation.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to consolidate is DENIED.

This Order disposes of Docket No. 46 and Page Street Suit, Docket No. 51.

**IT IS SO ORDERED.**

Dated: June 28, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge