UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SNYDER,<br>　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA, N.A., et al.,<br>　　　　Defendants. | Case No. 15-cv-04228-KAW<br><br>**ORDER GRANTING MOTION TO COMPEL EXPERT DISCOVERY; DENYING REQUEST FOR MONETARY SANCTIONS**<br><br>Re: Dkt. No. 174 |

Plaintiff Pamela Snyder filed the instant case against Defendants Bank of America, N.A. ("BANA") and Nationstar, asserting various claims based on the alleged "severe mishandling of her loan since the inception of her refinance." (Third Amended Compl. ("TAC") ¶ 1, Dkt. No. 47.) Pending before the Court is Defendant BANA's motion to compel expert discovery and request for monetary sanctions. (Def.'s Mot. to Compel, Dkt. No. 174.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and GRANTS IN PART and DENIES IN PART Defendant BANA's motion.

## I.　BACKGROUND

On September 17, 2015, Plaintiff filed the instant case. (Dkt. No. 1.) In October 2016, Attorney John S. Sargetis was substituted in as Plaintiff's counsel. (Dkt. No. 75.) On July 16, 2018, Attorney Sargetis filed an ex parte application to shorten time for a hearing on a motion to withdraw, on the ground that the attorney-client relationship had broken down to the point that Attorney Sargetis and his firm could no longer "in good conscious and ethically continue to represent [Plaintiff]." (Dkt. No. 160 at 3.) On July 20, 2018, Judge Laporte granted the motion to shorten time, and ordered Attorney Sargetis to file a supplemental declaration explaining his reasons for withdrawal. (Dkt. No. 164 at 1.) Judge Laporte also denied Plaintiff's request to stay

expert discovery, the deadline of which was August 14, 2018. (*Id.* at 1-2.)

On August 14, 2018, Judge Laporte granted Attorney Sargetis's motion to withdraw, and recused herself from the case due to Attorney Sargetis's supplemental declaration containing "considerable detail about the parties' settlement discussions, including the recent mediation and the mediator's proposal." (Dkt. No. 171 at 5.) The case was subsequently reassigned to a district judge. (Dkt. No. 172.)

On August 21, 2017, Defendant BANA filed the instant motion to compel expert discovery and request for monetary sanctions, stating that Plaintiff had failed to comply with expert discovery. (Def.'s Mot. to Compel at 3.) The case was then reassigned to the undersigned. (Dkt. No. 176.)

## II. DISCUSSION

As an initial matter, the Court notes that it does not usually allow parties to file discovery motions. Instead, the undersigned's standing order lays out specific requirements for presenting discovery disputes to the Court, including requiring that the parties meet and confer before submitting a joint letter to the Court. (*See* Judge Westmore Standing Ord. ¶¶ 10-19.) Thus, the Court would normally terminate the motion to compel and require that the parties submit a joint letter. In this instance, however, the Court finds it more efficient to resolve Defendant BANA's motion.[1]

Rule 26(b)(4)(A) states in relevant part: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Thus, Plaintiff may not prevent her experts from attending their depositions, absent an objection based on legal grounds. While Plaintiff appears to justify her failure to participate in expert discovery on her lack of legal counsel, this is not a valid reason for refusing to allow her experts to sit for their depositions. (*See* Canzoneri Decl., Exh. 7, Dkt. No. 174-1 (August 20, 2018 letter from Plaintiff stating that "we must wait to proceed with depositions and further production until we have the aid of qualified counsel").) Plaintiff cannot delay discovery in this case while she seeks new counsel. Similarly,

---

[1] In the future, the parties shall comply with the Court's standing orders.

2

Plaintiff cannot avoid producing responsive documents solely on the ground that she lacks counsel. By bringing this case, Plaintiff has an obligation to comply with discovery. Whether she has counsel is irrelevant to satisfying that obligation.

In so ordering, the Court does not foreclose Plaintiff's ability to object to discovery on specific legal grounds. The Court only finds that Plaintiff has an obligation to participate in expert discovery generally; again, she may not prohibit Defendants from conducting expert discovery simply because she does not have counsel.

The Court will not grant sanctions at this time. Plaintiff is only recently acting pro se, and appears to not understand the extent of her discovery obligations. Thus, an award of expenses or other sanctions would be unjust under these circumstances. Plaintiff is, however, forewarned that failure to cooperate in discovery could lead to sanctions, including monetary sanctions and evidentiary sanctions that prevent Plaintiff from using certain evidence at trial.

### III. CONCLUSION

The Court GRANTS Defendant's motion to compel expert discovery. Plaintiff is ORDERED to participate in expert discovery; Plaintiff shall produce her experts for deposition and responsive documents within the next **three weeks**, absent an agreement by the parties for additional time or a motion to extend time. Plaintiff may not delay discovery based on her lack of counsel, and may only object on valid legal grounds. The Court DENIES Defendant's request for monetary and evidentiary sanctions.

IT IS SO ORDERED.

Dated: August 28, 2018

KANDIS A. WESTMORE
United States Magistrate Judge