UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MARIE SNYDER, Plaintiff, v. BANK OF AMERICA, N.A., et al., Defendants. | Case No. 15-cv-04228-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR EXTENSION OF TIME**<br><br>Re: Dkt. No. 226 |

On April 5, 2019, Defendant Bank of America, N.A. filed a motion for summary judgment. (Dkt. No. 215.) Plaintiff's opposition was due by April 19, 2019. After Plaintiff Pamela Snyder failed to file her opposition, the Court issued an order to show cause, requiring Plaintiff to explain why she did not timely file her opposition. (Dkt. No. 220.) On April 30, 2019, Plaintiff filed an "Ex Parte Application" to extend the deadlines related to Defendant's motion for summary judgment. (Dkt. No. 223.) Plaintiff explained that she had been ill and was scheduled for surgery in mid-May, with an expected 8-week recovery period. (*Id.* at 5.) On May 1, 2019, the Court ordered that Plaintiff file her opposition by August 15, 2019. (Dkt. No. 224 at 2.) The hearing was set for September 5, 2019. (*Id.*)

On August 15, 2019, Plaintiff filed a 39-page "Ex Parte Application" requesting that the case deadlines be postponed by three months because she was still recovering from surgery. (Dkt. No. 226 at 1.) Plaintiff also appears to request that summary judgment be granted in her favor, although Plaintiff had no pending motion for summary judgment. (*Id.* at 2.) Plaintiff's ex parte application included various objections and requests to strike Defendant's exhibits in support of its motion for summary judgment, a request to file her own motion for summary judgment, and general argument that she is entitled to summary judgment. (*Id.* at 2, 11, 13-31.) Plaintiff

attached a doctor's note, which stated that Plaintiff's post-operative recovery had been complicated by pain, and that she "would benefit from a three-month extension of her deadline to meet her legal obligations, including appearances at hearings." (*Id.*, Exh. A.)

Defendant did not file an opposition to Plaintiff's ex parte application.

The Court GRANTS Plaintiff's ex parte application in part. Plaintiff's opposition to Defendant's motion for summary judgment shall be due by **October 31, 2019**, and Defendant's reply shall be due by **November 7, 2019**. The hearing is set for **November 21, 2019** at **1:30 p.m.** The Court will **not** grant any further extensions. This case has been pending since September 2015, and it is Plaintiff's obligation to prosecute this case or dismiss it.

The Court DENIES all other relief requested in Plaintiff's ex parte application, including the extension of any other deadline such as the trial date. To the extent Plaintiff has substantive arguments, such arguments should be made in her opposition to the motion for summary judgment. They are not appropriate in an ex parte application.[1] Further, the Court notes that per Civil Local Rule 7-3, there is a 25-page limit on oppositions. If Plaintiff requires more than 25 pages, Plaintiff must file a request for a page extension, and explain why additional pages are needed. (*See* Civil Local Rule 7-11(a).)

IT IS SO ORDERED.

Dated: August 22, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Plaintiff's "ex parte applications" also fail to comply with Civil Local Rule 7-10, which only permits such motions when authorized by a statute, federal rule, local rule, or Standing Order. Civil Local Rule 7-10 further requires that the ex parte application must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.

2