UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MARIE SNYDER,<br>    Plaintiff,<br>v.<br>BANK OF AMERICA, N.A., et al.,<br>    Defendants. | Case No. 15-cv-04228-KAW<br><br>**ORDER REGARDING MOTION TO WITHDRAW; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 335 |

As required by the Court's October 13, 2020 case management and pretrial order, the joint pretrial statement, exhibits, jury instructions, voir dire, excerpts from discovery, and verdict forms were due on January 5, 2021. (Dkt. No. 313 at 7.) Plaintiff, however, did not provide her pretrial filings. Instead, Plaintiff's counsel, Attorney Applbaum, filed a motion to withdraw, citing irreconcilable differences, lack of communication, and financial hardship due to Plaintiff's failure to pay attorney's fees. (Mot. to Withdraw at 2-3, Dkt. No. 335.) Attorney Applbaum further stated that Plaintiff has asserted that she is medically and psychologically incapable of coping with the stress of this case, but refused to exercise a HIPAA release to allow counsel to communicate with her medical provider as to her claims. (Applbaum Decl. ¶ 5.) Attorney Applbaum also stated that Plaintiff has been "unable to answer basic questions pertaining to her case[,] making it difficult, borderline impossible to carry out [his] representation effectively." (Applbaum Decl. ¶ 5.) Plaintiff did not file a motion to extend the time to provide her pretrial filings.

Defendant, in turn, has requested that the Court dismiss this action due to Plaintiff's failure to comply with the October 13, 2020 order, pursuant to Federal Rule of Civil Procedure 16(f). (Def.'s Pretrial St. at 2, Dkt. No. 329.) Rule 16(f) permits the Court to sanction a party if the party or its attorney fails to obey a scheduling or other pretrial order. *See Fields v. Hines*, Case No. 15-

cv-3728-MEJ, 2017 U.S. Dist. LEXIS 164025, at *4 (N.D. Cal. Oct. 3, 2017) (dismissing case per Rule 16(f) based on the plaintiff's failure to timely submit pretrial materials).

Accordingly, the Court ORDERS as follows:

First, the Court will hold a hearing on Attorney Applbaum's motion to withdraw at the pretrial conference, which remains set for **January 28, 2021** at **2:00 p.m.** Any opposition shall be filed by January 19, 2021.

Second, the Court ORDERS Plaintiff to show cause, by **January 15, 2021,** why this case should not be dismissed as a sanction under Rule 16(f) or for failure to prosecute under Rule 41(b). *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution" under Rule 41(b)"). The Court observes that pursuant to the Court's October 13, 2020 order, "[n]o party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court . . . without leave of the Court and for good cause." (Dkt. No. 313 at 5.) Based on Plaintiff's failure to provide her pretrial filings, as well as Plaintiff's apparent failure to communicate with her attorney and answer basic questions about her case, it appears highly likely Plaintiff will not be permitted to call any witnesses or offer any exhibits to a jury in this case.[1]

Third, the Court ORDERS Plaintiff to appear at the January 28, 2021 pretrial conference, which will be conducted by Zoom. Plaintiff must be prepared to explain her failure to communicate with her attorney, as well as her failure to provide the required pretrial filings. Failure to appear **will** result in the Court dismissing the case for failure to prosecute.

IT IS SO ORDERED.

Dated: January 6, 2021

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court also observes that after repeatedly requesting a settlement conference, Plaintiff failed to prepare for the December 17, 2020 settlement conference before Judge Beeler, resulting in the settlement conference being vacated.